# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Elizabeth Construction Company | )     ASBCA No. 60723 |
| | ) |
| Under Contract No. 000000-00-0-0000 | ) |

APPEARANCE FOR THE APPELLANT:     Ms. Mariam Sharifi
    CEO and President

APPEARANCES FOR THE GOVERNMENT:     Raymond M. Saunders, Esq.
    Army Chief Trial Attorney
    MAJ Elinor J. Kim, JA
    Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE HARTMAN
## ON THE GOVERNMENT'S MOTION TO DISMISS

Appellant believes a base access determination made by the Department of the Army based on information or documents appellant submitted to the Army via a Department of Defense website to be "erroneous" and seeks review by us of that determination. The Army seeks dismissal of appellant's appeal for failure to assert a claim within our jurisdiction.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

In August 2016, the Board received an email from appellant, Elizabeth Construction Company (ECC), stating "Please find attached notice of appeal, thank you very much." Attached to the email was (1) a sheet setting forth various data (e.g., the names of ECC's officers, date of establishment, address, "Legal Status" in Afghanistan, "AISA" registration, phone number, tax identification number, email account, DUNS number, NCAGE Code, and JCSS Vendor identification number); and (2) a document stating as follows:

> With due respects, This appeal is for my JCCS, our
> company established in 2016, we upload all the required
> documents in the JCCS, they denied our company for the
> base access which is I am sure error decision, there was no
> other option or other office to contact and solve this issue,
> that is why I appeal with ASBCA to solve our problem.

Our current POC for the JCCS in Afghanistan is
SFC Natasha natasha.s.mckellum.mil@mail.mil

I respectfully from Board please help to solve this issue,
thank you very much.

Very Respectfully,

**Ms. Mariam, Sharifi**
CEO and President
**Elizabeth Construction Company**

(Syntax and punctuation in original)

The Board docketed this correspondence as appeal ASBCA No. 60723. Less than two weeks later, the Department of the Army filed a motion to dismiss the appeal for lack of jurisdiction and a motion to stay proceedings.

In its motions, the Army contends: (1) "appellant neither alleges nor establishes that an express or an implied contract even exists to invoke jurisdiction" under the Contract Disputes Act (CDA); (2) appellant "neither alleges nor establishes that a claim was submitted" to a contracting officer; and (3) the Board should stay submission of a Rule 4 file and other proceedings while it considers the Army's motion because "the issue of jurisdiction is dispositive" (gov't mot. at 1). Two days after the Army filed its motion, on 18 August 2016, ECC sent an email to the Board and Army stating:

> I object the motion to dismiss, because I give you the POC
> of the JCCS they denied our base access without any
> reason, and we need justice, that is why I come to ASBCA
> because I had no other choice, thank you very much.

The same day, the Board ordered that ECC shall have 30 days to respond to the Army's motion to dismiss and that the motion to stay other proceedings was granted pending a determination on the motion to dismiss.

By order dated 27 September 2016, the Board advised ECC it had received ECC's brief response to the Army's motion dated 18 August 2016 and if ECC intends to provide a more detailed response to the Army's motion it may do so no later than 18 October 2016. ECC, however, submitted nothing further to the Board by 18 October 2016.

2

After the appeal was assigned to the docket of a judge, by order dated 4 November 2016, the Board notified ECC as follows:

> By Order dated 18 August 2016, the Board granted the government's request to stay proceedings. However, appellant had not yet filed a complaint and, under Board Rule 6(a), still had 15 days within which to do so.
>
> Board Rule 6(a) requires an appellant to file a complaint that sets forth simple, concise, and direct statements of each of its claims. The complaint must also set forth the basis, with appropriate reference to contract provisions, of each claim and the dollar amount claimed, if any. Essentially, the complaint should inform the Board of the facts that led to this dispute and then briefly explain what appellant wishes the Board to do and why appellant believes the Board should do it.
>
> Accordingly, the stay of proceedings in this appeal is lifted to allow appellant to file a complaint that satisfies the requirements of Board Rule 6(a). Appellant shall file its complaint within 21 days of the date of this Order or immediately advise the Board how much more time is needed and why. Should appellant fail to comply with this Order, the Board shall proceed with its consideration of the government's motion to dismiss on the basis of the notice of appeal.
>
> Upon receipt of appellant's complaint, the stay of proceedings in this appeal will resume.

ECC has not filed a complaint or any other document with the Board in response to the Board's November order.

## DECISION

In deciding a motion to dismiss for lack of subject matter jurisdiction, we only accept as true an appellant's uncontroverted factual allegations. *Engage Learning, Inc. v. Salazar,* 660 F.3d 1346, 1354 (Fed. Cir. 2011); *Cedars-Sinai Med. Ctr. v. Watkins,* 11 F.3d 1573, 1584 n.13 (Fed. Cir. 1993). In its motion to dismiss for lack of subject matter jurisdiction, the Army does not controvert any specific allegation made by ECC. Rather, it merely asserts that the term "JCCS" used by ECC refers to the Joint Contingency Contracting System now referred to as the Joint Contingency and

3

Expeditionary Services, which is an internet-based information technology platform used by the government to provide centralized vendor registration, post solicitations and proposals, and provide other support to contingency and expeditionary programs that rapidly deploy for humanitarian, peacetime, and wartime missions (gov't mot. at 1-2, ex. 1). We therefore accept the allegations made by ECC as true for purposes of resolving this motion and draw all reasonable inferences in its favor. *E.g., Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011); *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

*Pro se* litigants, such as ECC, are held to a less stringent pleading standard than those represented by counsel. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, they are not exempt from meeting jurisdictional prerequisites. *See Henke,* 60 F.3d at 799 (fact appellant is acting *pro se* may explain ambiguities in complaint, but does not excuse complaint's failures if such there be). ECC bears the ultimate burden of establishing jurisdiction for us to resolve its appeal. It, therefore, must allege facts sufficient to articulate a claim that is within our jurisdiction. *See Kam-Almaz v. United States*, 682 F.3d 1364, 1367-68 (Fed. Cir. 2012) (affirmance of dismissal on pleadings for failure to allege facts necessary to establish a contract with government).

ECC alleges, in sum, that it "uploaded documents" the government "required" to the "JCCS" internet platform and the government made a determination erroneously denying it "base access." It does not allege that a contract existed between it and the government.

The Contract Disputes Act (CDA) grants this Board jurisdiction over appeals "from a decision of a contracting officer (CO) of any executive agency...relative to a contract made by that agency." *Engage Learning*, 660 F.3d at 1353; *NOVA Technology Corp.*, ASBCA No. 57943, 12-2 BCA ¶ 35,062 at 172,228; 41 U.S.C. § 7105(e)(1)(B). Thus, to establish Board jurisdiction, an appellant "need only allege the existence of a contract." *Engage Learning,* 660 F.3d at 1353; *Black Tiger Co.,* ASBCA No. 59189, 16-1 BCA ¶ 36,423 at 177,569; *Dongbuk R&U Engineering Co.,* ASBCA No. 58300, 13 BCA ¶ 35,389 at 173,637 (non-frivolous assertion of a contract sufficient to establish jurisdiction); *Robert B. Beachboard ta Save Columbia Council,* ASBCA No. 33362, 87-1 BCA ¶ 19,532 at 98,703 (contract between government and contractor is *sine qua non* of our jurisdiction). Here, ECC has not alleged existence of any contract between it and the Army. We, therefore, lack jurisdiction to entertain its appeal.

4

## CONCLUSION

We dismiss the appeal for lack of jurisdiction.

Dated: 21 August 2017

TERRENCE S. HARTMAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60723, Appeal of Elizabeth Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5